Ex parte DOUGLASS. (No. 4405.) (Court of Criminal Appeals of Texas. Feb. 28, 1917.) Appeal from District Court, Knox County: J. H. Milan, Judge. Habeas corpus proceedings on behalf of George Douglass to procure bail. From judgment denying bail, relator appeals. Relator directed to be discharged from custody upon giving bond. J. M. Hawkins, of Paducah, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant, under habeas corpus proceedings, was denied bail under a charge of killing J. J. Mitchell. Upon trial the court denied bail, and appellant prosecutes this appeal. Without reviewing the facts or going into the details of the testimony, we are of opinion that the court was in error, and that the appellant was entitled to bail, and fix that amount at $7,500. Upon the giving of bond as required by law in said amount, relator will be discharged from custody.

Ex parte GUERRERO. (No. 4388.) (Court of Criminal Appeals of Texas. Feb. 28, 1917.) Appeal from District Court, El Paso County; W. D. Howe, Judge. M. C. Guerrero was charged with murder, and applies for a writ of habeas corpus to reduce bail. Writ granted. Jackson, Isaacks & Lessing, of El Paso, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was arrested under a charge of murder, and had a trial under writ of habeas corpus for bail. Upon the hearing, the trial court fixed his bail at $7,500. This appeal is brought to obtain a reduction of that amount. We are of opinion, after reading the record, without stating the facts or commenting upon their sufficiency or cogency, that the court was in error, and the bond should be reduced; and it is the order of the court that he be permitted to give bond in the sum of $5,000. Upon the giving of this, under the terms of the law, relator will be discharged from custody.

BARRETT v. OGERLY. (No. 1714.) (Court of Civil Appeals of Texas. Texarkana. Jan. 11, 1917.) Appeal from Fannin County Court; S. F. Leslie, Judge. Action between W. H. Barrett and A. G. Ogerly. From an adverse judgment, the former appeals. Affirmed. J. W. Gross and Cunningham & McMahon, all of Bonham, for appellant. C. A. Wheeler and Thos. P. Steger, both of Bonham, for appellee.

HODGES, J. This is a suit for damages for the conversion of lumber. The court submitted special issues of fact to the jury, and upon the answers returned entered the proper judgment in favor of the appellee. There was sufficient evidence to support the findings made by the jury, and nothing is presented on this appeal which requires a reversal of the case. The judgment is therefore affirmed.

ECKELS v. TOLEDO SCALE CO. (No. 1742.) (Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1917.) Appeal from Smith County Court; Jesse F. Odom, Judge. Action by Toledo Scale Company against Frank Eckels and another. Judgment for plaintiff, and defendant Eckels appeals. Affirmed. J. A. Bulloch, of Tyler, for appellant. F. V. Hughes, Jr., and Hanson & Butler, all of Tyler, for appellee.

HODGES, J. The appellee instituted this suit in the county court of Smith county, and recovered a judgment against Frank Eckels and L. F. Huey for the value of some personal property, which it is alleged was converted by Eckels and Huey. Eckels alone has appealed. We have examined the record, and find nothing to justify a reversal of the case; and the judgment is accordingly affirmed.

FORE v. BORDER QUEEN MILLING CO. (No. 1732.) (Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1917. Rehearing Denied Feb. 15, 1917.) Appeal from Camp County Court; G. W. Keeling, Judge. Action by Edwin Fore against the Border Queen Milling Company, wherein defendant filed a cross-bill. Judgment against plaintiff, and for defendant on its cross-bill, and plaintiff appeals. Affirmed. Smith & Bryson, of Pittsburg, for appellant. C. G. Engledow, of Pittsburg, for appellee.

WILLSON, C. J. In his petition Fore, the plaintiff below, alleged that the milling company sold him certain flour and undertook to deliver same to him at times during the months of October and November, 1915, to be specified by him. He further alleged that the milling company failed to comply with its undertaking. His suit was to recover as damages he averred he suffered by such failure, the difference, alleged to be $842.40, between the contract price of the flour and its market value at the time and place it was to have been delivered to him. At the time he commenced the suit Fore caused writs of garnishment to be issued and served on certain railway companies, whereby he impounded in their hands two carloads of flour belonging to the milling company. The latter by a cross-action sought a recovery against Fore of damages it alleged it suffered because of the impounding of the flour. The appeal by Fore is from a judgment denying him a recovery of anything against the milling company and awarding it a recovery of $207.50 against him. This court has considered, in connection with the record, the assignments in Fore's brief, and is of the opinion none of them presents a reason why the judgment should be reversed. But the court is of the opinion the judgment should be so reformed as to provide that it shall be without prejudice to Fore's right, if any he has, to recover against the mill-

ing company the $935.72 which he alleged the milling company agreed to pay him on account of the car of flour it shipped to him at Omaha, and covered, he further alleged, by a draft drawn by him on said milling company in favor of the Pittsburg National Bank. The judgment will be reformed accordingly, and, as so reformed, will be affirmed.